UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80140-CR-CANNON/REINHART

UNITED STATES OF AMERICA

v.

RAUL PEREZ-CANELO,

    Defendant.

## GOVERNMENT'S RESPONSE TO DISCOVERY ORDER

The United States respectfully responds to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    The government is unaware of any written or recorded statements made by the defendant.

       2.    The government has provided the reports which detail the oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

       3.    The defendant did not testify before the Grand Jury.

       4.    The NCIC record of the defendant has been provided to the defense.

       5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 S. Australian Ave, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

       6.    A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints in his alien file has been provided to the defense.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section

B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. Information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976) has been provided to the defense.

D. No payments, promises of immunity, leniency, preferential treatment, or other inducements have been made to prospective government witnesses within the scope of *Giglio v. United States*, 405 U.S. 150 (1972) or *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The government does not currently expect to call any conspirator, accomplice or informant at trial. The government will disclose any criminal record of any such witness.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The defendant has been identified by prior fingerprint records, as detailed in the discovery attachments. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The defendant has requested disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. If the case goes to trial,

the government intends to offer the expert testimony of an expert in the field of fingerprint analysis, as discussed above.

The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

On July 20, 2023, the government emailed 47 pages of discovery to assigned counsel.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: s/Susan Osborne
Assistant United States Attorney
Court ID# A5500797
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1003
susan.osborne@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, I electronically filed the foregoing using CM/ECF.

s/Susan Osborne<br>
Assistant United States Attorney